IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:08-CR-138-WKW |
| | ) | [WO] |
| WILLIE CURRY JOHNSON | ) | |

**ORDER DENYING MOTION FOR SENTENCE REDUCTION**
**UNDER 18 U.S.C. § 3582(c)(1)(B) AND § 404(b) OF THE FIRST STEP ACT**

Before the court is Defendant Willie Curry Johnson's *pro se* motion (Doc. # 149) for retroactive application of the Fair Sentencing Act of 2010 and a sentence reduction pursuant to § 404 of the First Step Act of 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018); Fair Sentencing Act of 2010, Pub. L. No. 111 220, 124 Stat. 2372, § 2(a) (2010). For the reasons to follow, the court finds that Mr. Johnson is eligible for relief under the First Step Act, but that a sentence reduction is not warranted. Accordingly, Mr. Johnson's motion is due to be denied.

## I.  BACKGROUND

In June 2008, a federal grand jury indicted Mr. Johnson on five charges. Four are relevant here. Count One charged that beginning on an unknown date and concluding on October 29, 2007, Mr. Johnson conspired to distribute and to possess with intent to distribute more than 50 grams of cocaine base (also known as "crack cocaine") and a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Counts Three and Four charged that on two separate dates—

November 30, 2005, and December 9, 2005—Mr. Johnson distributed 5 grams or more of cocaine base and a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1).  Count Five charged Mr. Johnson with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

At the time of Mr. Johnson's offenses, Count One carried a statutory sentencing range of 10 years to life.  *See* 21 U.S.C. § 841(b)(1)(A)(iii); *see also* § 846 ("Any person who . . . conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy."); (Presentence Investigation Report ("PSR"), at 1.)  Counts Three and Four subjected Mr. Johnson to a statutory sentencing range of 5 to 40 years.  *See* § 841(b)(1)(B)(iii); (PSR, at 1.)

In February 2009, a jury convicted Mr. Johnson on Counts One, Three, Four, and Five.  As to the controlled substance offenses, on Count One, the jury found that the conspiracy involved more than 50 grams of crack cocaine and more than 5 kilograms of cocaine hydrochloride.  (Doc. # 91, at 1–2.)  On each of Count Three and Count Four, the jury found that Mr. Johnson's distribution offense involved more than 5 grams of cocaine base and less than 500 grams of cocaine powder.  (Doc. # 91, at 4–5.)

At the sentencing hearing held on June 9, 2009, the court overruled the defense objections to the drug quantities attributed to Mr. Johnson in the PSR.[1] The sentencing court attributed to Mr. Johnson converted drug quantities—including cocaine hydrochloride, cocaine base, marijuana, and Lortab—resulting in a base offense level of 38.  (Doc. # 123, at 19 (Sentencing Tr.).)  Additionally, based on his leadership role in the criminal activity, Mr. Johnson's base offense level increased by two levels.  He also received a two-level firearm enhancement, for a total offense level of 42.  (Doc. # 123, at 20–23, 26–27.)  A total offense level of 42 combined with Mr. Johnson's criminal history category of III resulted in a guideline range of 360 months to life.  (Doc. # 123, at 57.)  The guideline range exceeded the statutory mandatory minimum sentence of 10 years on Count One and exceeded the statutory mandatory minimum of 5 years on Counts Three and Four.

The court imposed a sentence of 292 months, which was a downward variance. (Doc. # 123, at 96–97; Doc. # 101, at 2 (Criminal J.).)  The 292-month sentence consisted of 292 months on Counts One, Three, and Four, and 120 months on Count Five, with all terms to run concurrently.  (Doc. # 101, at 2.)

Mr. Johnson is incarcerated at a federal prison camp.  His projected release date is March 22, 2029.  *See* https://www.bop.gov/inmateloc/ (last visited Dec. 4, 2020).

---

[1] The PSR applied the 2008 edition of the Sentencing Guidelines.  (PSR ¶ 20.)

## II.  DISCUSSION

### A. <u>General Statutory Principles</u>

"A district court lacks the inherent authority to modify a term of imprisonment." *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020) (citing § 3582(c)).  However, under 18 U.S.C. § 3582(c)(1)(B), a district court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ."  § 3582(c)(1)(B).  Here, the First Step Act "expressly permits" district courts "to reduce the sentences of crack-cocaine offenders in accordance with the amended penalties in the Fair Sentencing Act" of 2010.[2]  *Jones*, 962 F.3d at 1297.

Retroactive application of the Fair Sentencing Act through the First Step Act is available to defendants who were convicted of a "covered offense."  Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010."  First Step Act § 404(a).  In *Jones*, which was decided after the parties completed briefing on Mr. Johnson's motion, the Eleventh Circuit explained what it takes to be eligible for a sentence reduction under § 404:  "To be eligible for a reduction, the district court must have

---

[2] The Fair Sentencing Act amended the statutory penalties in 21 U.S.C. § 841(b)(1) in order to reduce the sentencing disparity between crack and powder cocaine.  *See Dorsey v. United States*, 567 U.S. 260, 268–69 (2012) (detailing the history that led to enactment of the Fair Sentencing Act); *Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013) (acknowledging the crack versus powder sentencing disparity).

'imposed a sentence' on the movant for a 'covered offense.'"  962 F.3d at 1298 (citing § 404(a)–(b)).  "A movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties."  *Id.*  The Eleventh Circuit continued:

> To determine the offense for which the district court imposed a sentence, district courts must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment.  From these sources, the district court must determine whether the movant's offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii). If so, the movant committed a covered offense.

*Id.* at 1300–01.  The *Jones* holding—that a defendant has a "covered offense" if his "offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii)"—does not depend upon the "actual quantity of crack cocaine involved in [the movant's] violation."  *Id.* at 1301.  The Eleventh Circuit explained:  "The actual drug-quantity involved in the movant's offense is irrelevant as far as the element and the *offense* are concerned.  The actual quantity is only the *means* of satisfying the drug-quantity element.  That quantity constitutes relevant conduct under the Sentencing Guidelines, but it does not define the offense."  *Id.* (internal citations omitted); *see also United States v. Ingram*, No. 19-11257, 2020 WL 6059658, at *2 (11th Cir. Oct. 14, 2020) ("The actual quantity of crack cocaine involved in a movant's offense beyond the amount triggering the statutory penalty is not pertinent to determining whether a movant has a 'covered offense.'" (citing *Jones*, 962 F.3d at 1301–02)).

5

Relevant here, § 2 of the Fair Sentencing Act lowered the statutory penalties for certain crack-cocaine offenses by increasing the threshold drug amounts.[3] Specifically, § 2(a) of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5–year minimum and from 50 grams to 280 grams in respect to the 10–year minimum . . . ." *Dorsey v. United States*, 567 U.S. 260, 269 (2012).

A defendant who satisfies the "covered offense" requirement, however, is not automatically entitled to a reduction of his sentence. *Jones*, 962 F.3d at 1303. He also must meet § 404(b)'s "as if" qualifier: Any reduction must be "*as if* sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act § 404(b) (emphasis added).

If both the foregoing requirements are met—*i.e.*, the "covered offense" and "as if" qualifiers— "[t]he First Step Act grants the district court discretion to reduce a sentence but does not require a reduction." *United States v. Denson*, 963 F.3d 1080, 1086–87 (11th Cir. 2020); First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence."). It "leaves the choice of whether to resentence and to what extent to the district court's sound discretion." *Denson*, 963 F.3d at 1087. In exercising its discretion, the district court "may consider all the

---

[3] Section 3 of the Fair Sentencing Act, which is not relevant here, modified the penalties related to simple possession of crack cocaine under 21 U.S.C. § 844(a).

6

relevant factors, including the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Jones*, 962 F.3d at 1304. Additionally, under the First Step Act, a defendant seeking a sentence reduction is not entitled to a hearing. *Denson*, 963 F.3d at 1086.

**B.     Mr. Johnson's Motion for a Sentence Reduction**

The discussion of Mr. Johnson's motion is divided into three parts. The first part establishes Mr. Johnson's eligibility for a sentence reduction. The second part demonstrates the court's authority to reduce Mr. Johnson's sentence. The third part assesses the § 3553(a) factors on the issue of whether a reduction is warranted.

**1.     Mr. Johnson is eligible for a sentence reduction.**

Mr. Johnson's cocaine-base offenses in Counts One, Three, and Four are "covered offense[s]" under the First Step Act; therefore, Mr. Johnson is eligible for a sentence reduction.

On Count One, Mr. Johnson was charged and convicted by a jury for a drug-trafficking offense involving 50 grams or more of cocaine base, in violation of §§ 841(a)(1) and 846. (Doc. # 1 (Indictment); Doc. # 91 (Jury Verdict).) In other words, "[b]oth the indictment and the jury verdict made a drug-quantity finding of 50 grams or more of crack cocaine." *United States v. Wright*, 824 F. App'x 734, 738 (11th Cir. 2020). On Counts Three and Four, Mr. Johnson was charged and convicted by a jury for drug-trafficking offenses involving 5 grams or more of cocaine base.

Because Mr. Johnson committed his offenses and was sentenced prior to August 3, 2010 (the effective date of the Fair Sentencing Act),[4] his conviction on Count One triggered the higher penalties in § 841(b)(1)(A)(iii) for offenses involving 50 grams or more of cocaine base. He, thus, was subject to a statutory sentencing range of 10 years to life. § 841(b)(1)(A)(iii). Additionally, his convictions on Counts Three and Four triggered the higher penalties in § 841(b)(B)(iii) for offenses involving 5 grams or more of cocaine base. He, thus, was subject to a statutory sentencing range of 5 to 40 years on Counts Three and Four.

Had § 2(a) of the Fair Sentencing Act been in effect at the time of sentencing, Mr. Johnson's statutory sentencing range on Count One would have been governed by § 841(b)(1)(B)(iii), which provides the penalties for a § 841(a) violation involving 28 grams but less than 280 grams of cocaine base. Under § 841(b)(1)(B)(iii), as amended by the Fair Sentencing Act, Mr. Johnson's statutory sentencing range decreased to 5 to 40 years. Hence, the statutory penalty range for Mr. Johnson's offense was 10 years to life imprisonment prior to the Fair Sentencing Act, and it is 5

---

[4] In *Dorsey v. United States*, 567 U.S. 260, 264 (2012), the Supreme Court held that the Fair Sentencing Act's reduced statutory penalties applied to a defendant who committed an offense prior to August 3, 2010, but who was sentenced after the Fair Sentencing Act's effective date. *See United States v. Hudson*, 685 F.3d 1260 (11th Cir. 2012) (en banc) (noting that the Supreme Court in *Dorsey* resolved in this circuit whether the Fair Sentencing Act "applies to defendants sentenced after the Act's effective date of August 3, 2010, but whose conduct occurred before that date"). Because Mr. Johnson was sentenced prior to August 3, 2010, his statutory penalties were unaffected by *Dorsey*'s holding. In other words, the reductions under the Fair Sentencing Act did not apply to Mr. Johnson until the First Step Act made those reductions retroactive.

to 40 years' imprisonment after the Fair Sentencing Act. Additionally, Mr. Johnson's statutory sentencing range on Counts Three and Four would have been governed by 21 U.S.C. § 841(b)(1)(C). Under § 841(b)(1)(C), as amended by the Fair Sentencing Act, Mr. Johnson statutory range deceased to 0 to 20 years' imprisonment. Because Mr. Johnson was sentenced for §§ 841(a) and 846 violations involving offenses for which the Fair Sentencing Act modified the statutory penalties, his offenses qualify as "covered offense[s]."

### 2.     The First Step Act authorizes a reduction in Mr. Johnson's sentence.

The First Step Act allows (but does not require) the court to reduce Mr. Johnson's term of imprisonment because he satisfies § 404(b)'s "as if" qualifier: "Any reduction must be 'as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed.'" *Jones*, 962 F.3d at 1303 (quoting First Step Act § 404(b)). The *Jones* court explained that the "as-if" requirement imposes two limits on the district court's authority to reduce a sentence. First, the First Step Act "does not permit reducing a movant's sentence if he received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act." *Id.* "Second, in determining what a movant's statutory penalty would be under the Fair Sentencing Act, the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing." *Id.* If the movant's sentence would have

9

necessarily remained the same had the Fair Sentencing Act been in effect, then the district court lacks the authority to reduce the movant's sentence." *Id.*

An example of the second circumstance above is where the First Step Act movant was sentenced prior to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *id.* at 490. Two of the *Jones* defendants, Steven Jones and Warren Jackson, were sentenced prior to *Apprendi*. Pre-*Apprendi*, the statutory penalty hinged on the sentencing judge's drug-quantity finding. *See Jones*, 962 F.3d at 1293–95; *see also United States v. Wilson*, No. 19-12783, 2020 WL 6054951, at *3 (11th Cir. Oct. 14, 2020) (explaining that "the Constitution d[id] not prohibit district courts from relying on judge-found facts that triggered statutory penalties prior to *Apprendi*") (citing *Jones*, 962 F.3d at 1303–04). As to defendant Jones, the Eleventh Circuit rejected his argument that the drug-quantity finding made by the court, rather than by the jury, "meant that his statutory range should be zero to 20 years of imprisonment." *Jones*, 962 F.3d at 1304. Jones could not relitigate the drug-quantity finding because it was "used to determine [his] *statutory penalty* at the time of sentencing." *Id.* at 1303 (emphasis added). Additionally, as to defendant Jackson, the earlier "drug-quantity meant that he would face the same statutory penalty of life imprisonment under the Fair Sentencing Act." *Id.* at 1304. Because

10

Jones's and Jackson's sentences "would have necessarily remained the same had the Fair Sentencing Act been in effect," the district court did not have the authority to reduce their sentences. *Id.* at 1303.

The limitations discussed in *Jones* do not apply here. First, the lowest statutory penalty that applies to Mr. Johnson under the Fair Sentencing Act for Count One is 5 years, and for Counts Three and Four, the statutory mandatory minimum was eliminated altogether. *See* § 841(b)(1)(B)(iii) (effective Aug. 3, 2010); § 841(b)(1)(C) (effective Aug. 3, 2010). Mr. Johnson's sentence of 292 months is greater than 5 years.

Second, the sentencing court's drug-quantity findings did not bear on the statutory penalties for Mr. Johnson's offenses. *Jones* is instructive because Mr. Johnson's circumstances are similar to those of the *Jones* defendant, Alfonso Allen. Allen's conviction arose from a 2006 indictment and a jury verdict finding Allen guilty of conspiring to distribute 50 grams or more of crack cocaine. *See* 962 F.3d at 1294. The government relied on Allen's two prior felony drug convictions to enhance his sentence. As a result, Allen's guideline sentence was life imprisonment, and life imprisonment was the sentence he received. *Id.* (citing U.S.S.G. § 5G1.1(b)). In 2018, Allen moved for a sentence reduction under the First Step Act. The district court denied the motion, reasoning that the First Step Act did not benefit Allen because at sentencing he was held accountable for between 420 and 784 grams of

crack cocaine per week and, thus, "would still be subject to a guideline range of 360 months to life imprisonment." *Id.* at 1294–95. The Eleventh Circuit reversed. It held that Allen was convicted of a "covered offense" because his enhanced statutory penalty for the same offense under the Fair Sentencing Act decreased to 10 years to life imprisonment. "The larger quantity of crack cocaine that the district court found . . . did not trigger the statutory penalty for Allen's offense." *Id.* at 1303. Allen was convicted of a "covered offense" "[b]ecause the Fair Sentencing Act modified the statutory penalties for Allen's offense . . . ." *Id.*

Mr. Johnson, like Allen, was convicted of a "covered offense," notwithstanding the higher cocaine-base amounts attributed to him at sentencing. At the sentencing hearing, the court made specific drug-quantity findings, holding Mr. Johnson accountable for 17,279.6 grams of cocaine base. (Doc. # 123, at 14, 19; PSR ¶ 22.) This drug quantity included all relevant conduct and established Mr. Johnson's base offense level. *See* § 2D1.1(c)(1) (2008); (Doc. # 123, at 6.) The statutory penalties for his offenses, though, were not tied to this drug-quantity finding.

Hence, Mr. Johnson's sentence would not "have necessarily remained the same had the Fair Sentencing Act been in effect." *Jones*, 962 F.3d at 1303; *see also United States v. Gillon*, No. 19-15016, 2020 WL 5371558, at *2 (11th Cir. Sept. 8, 2020) ("Because Gillon's sentence of 190 months of imprisonment exceeded the statutory mandatory-minimum sentence of 10 years of imprisonment provided in the Fair

Sentencing Act, the district court had the authority to reduce his sentence under the First Step Act.").

Finally, § 404(c)'s two express limitations do not preclude consideration of Mr. Johnson's present motion. First, Mr. Johnson's sentence has not been "previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." First Step Act § 404(c). Second, Mr. Johnson has not previously filed a motion for a sentence reduction under § 404 that "was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." *Id.*

Accordingly, the court has the authority under the First Step Act to reduce Mr. Johnson's sentence on Counts One and Two.

### 3. The § 3553(a) factors do not warrant a sentence reduction.

While Mr. Johnson is eligible for a sentence reduction under § 404 of the First Step Act, a reduction is not automatic. *See* First Step Act § 404(c).

The court has considered carefully the record, the current statutory range and advisory guideline range, and the sentencing factors in § 3553(a)—including the nature and circumstances of the offense, the aims of deterrence and punishment, and Mr. Johnson's criminal history and age. *See* § 3553(a). The balancing of the § 3553(a) factors does not warrant a reduction in Mr. Johnson's sentence for the following reasons.

First, the nature and circumstances of Mr. Johnson's offenses included large quantities of illegal controlled substances involved and the use of firearms to further the conspiracy.  Mr. Johnson was convicted of serious drug offenses.  Because of the drug quantities charged, Congress at the time saw fit to require a 10-year minimum sentence for his conspiracy offense.  While Congress now has cut in half the statutory mandatory minimum and reigned in the maximum sentence applicable to Mr. Johnson's offense in Count One and eliminated the mandatory minimum sentence on Counts Three and Four, the quantity of crack cocaine attributable to Mr. Johnson at sentencing—*i.e.*, 17,279.6 grams of cocaine—is more than 61 times greater than the top end of the new statutory range prescribed in § 841(b)(1)(B)(iii).  *See Jones*, 962 F.3d at 1301 (observing that a district court can "consider its previous findings of relevant conduct in deciding whether to exercise its discretion to reduce an eligible movant's sentence under section 404(b) of the First Step Act").

Second, even if Mr. Johnson were sentenced today, his advisory sentencing guideline range would not change.  Today, Mr. Johnson's base offense level would be 36, increased by two levels for his leadership role and by another two levels for the firearm enhancement, for a total offense level of 40.  A total offense level of 40 combined with a criminal history category of III would result in a guideline range of 360 months to life.  Mr. Johnson's advisory guideline range today would be the same as the range that applied at his sentencing hearing.  (*See* Docs. # 171–72; *see also*

Doc. # 138 (Order).) The sentencing court considered this range and varied downward to a sentence of 292 months, which it found was a reasonable sentence.

Third, the court has considered Mr. Johnson's history and characteristics, including his criminal history. *See* § 3553(a)(2).

Overall, Mr. Johnson's sentence of 292 months is "sufficient, but not greater than necessary," to reflect the seriousness of Mr. Johnson's offenses, to promote respect for the law, to provide just punishment, and to afford adequate deterrence. *See* § 3553(a)(2).

### III.  CONCLUSION

Based on the foregoing, it is ORDERED that Mr. Johnson's motion for a sentence reduction (Doc. # 149) is DENIED.

It is further ORDERED that Mr. Johnson's motion for appointment of counsel (Doc. # 149) is DENIED.

DONE this 7th day of December, 2020.

                                                  /s/ W. Keith Watkins
                                          UNITED STATES DISTRICT JUDGE